UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case No. 07-20152

v.

                                  Hon. John Corbett O'Meara

COURTNEY GIBSON,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO MODIFY THE TERMS OF IMPRISONMENT**

Before the court is Defendant Courtney Gibson's motion to modify the terms of imprisonment, filed March 15, 2010. The government submitted a response on July 28, 2010. For the reasons stated below, Defendant's motion is denied.

Defendant pleaded guilty to Counts 2 (possession with intent to distribute crack cocaine) and 5 (possession of a firearm in furtherance of a drug trafficking offense) of the indictment on March 26, 2009. Because Defendant is a career offender, the applicable sentencing guideline range was 262-327 months. The government recommended a sentence of 210 months, based upon Defendant's cooperation. On June 22, 2009, the court sentenced Defendant to 210 months – 150 months on Count 2, and 60 months on Count 5, to be served consecutively.

Defendant seeks to have his sentence reduced pursuant to Amendment 706 to U.S.S.G. § 2D1.1, which reduced the base offense level applicable to crack cocaine offenses by two levels. The amendment was adopted on November 1, 2007, and is retroactive. See U.S.S.G. § 1B1.10(c).

As a general rule, a district court "may not modify a term of imprisonment once it has

been imposed." 18 U.S.C. § 3582(c). However, the statute provides an exception for defendants who have been "sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (emphasis added). This exception does not apply to Defendant.

First, the crack cocaine amendment to the Sentencing Guidelines was in effect and considered at the time that Defendant was sentenced. Defendant's sentencing range under U.S.S.G. § 2D1.1 was correctly calculated to be 77-96 months.

Second, Defendant's sentence was not based upon the crack cocaine section of the guidelines. Rather, his sentence was governed by § 4B1.1, the career offender section, which provided a guideline range of 262-327 months. The court departed below the guideline range based upon Defendant's cooperation with the government.

Because the career offender guidelines have not been affected by Amendment 706, Defendant is not eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Perdue, 572 F.3d 288, 293 (6th Cir. 2009), *reh'g and reh'g en banc denied* (2009), *cert. denied* 130 S.Ct. 1537 (2010) ("Because Amendment 706 has no effect on the ultimate sentencing range imposed on Perdue under the career-offender Guideline, the district court did not err in declining to grant his motion for a reduction in sentence.").

Therefore, IT IS HEREBY ORDERED that Defendant's March 15, 2010 motion to modify terms of imprisonment is DENIED.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: August 27, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 27, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager