UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

COURTNEY GIBSON,

    Defendant.
_____/

Case No. 07-cr-20152

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Dkt. 51)**

This matter is before the Court on Defendant Courtney Gibson's motion for reduction of sentence under the First Step Act of 2018 (Dkt. 51). For the reasons that follow, the Court denies his motion.[1]

### I. BACKGROUND

On March 26, 2009, Gibson pleaded guilty to the following two charges: (i) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and (ii) possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A). See Judgment (Dkt. 38). With respect to the first charge, Gibson specifically pleaded guilty to possession with intent to distribute 13.65 grams of crack cocaine.

Gibson was sentenced on June 22, 2009. Under the version of 21 U.S.C. § 841(b) in effect at that time, Gibson was subject to a mandatory statutory penalty range of 5 to 40 years' imprisonment for the drug offense, for violations involving 5 to 50 grams of cocaine base.

---

[1] This matter was originally assigned to the Honorable John O'Meara and was later reassigned to the undersigned on November 19, 2019.

Gibson's guidelines range for both offenses combined was 262 to 327 months under U.S.S.G. § 4B1.1(c)(3). However, the Court departed from the guidelines pursuant to the Government's motion under U.S.S.G. § 5K1.1 and sentenced Gibson to 150 months' imprisonment for the drug offense and to a consecutive 60 months' imprisonment on the firearms offense, for a total sentence of 210 months' imprisonment. See Judgment. To date, Gibson has served 144 months of his sentence; he will become eligible for release on February 23, 2024.

In 2010, Congress passed the Fair Sentencing Act, Pub L. No. 111-220, 124 Stat. 2372, which was aimed at reducing the sentencing disparities between offenses involving crack and powder cocaine. United States v. Blewett, 746 F.3d 647, 649 (6th Cir. 2013). Specifically, the Fair Sentencing Act increased the threshold quantities of cocaine base necessary to trigger the mandatory statutory penalty ranges set forth in 21 U.S.C. § 841(b). As relevant to the present action, it increased the quantity necessary to trigger a penalty of 5 to 40 years' imprisonment from 5 grams to 28 grams or more. 21 U.S.C. § 841(b)(1)(B). For offenses involving less than 28 grams, the Fair Sentencing Act eliminated the mandatory minimum and provided a statutory maximum sentence of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C).

Initially, the Fair Sentencing Act did not apply retroactively. Blewett, 746 F.3d at 649. In 2018, however, Congress passed the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, which made the Fair Sentencing Act's statutory penalty modifications retroactive. Section 404(b) of the First Step Act expressly authorizes courts to impose reduced sentences for defendants convicted of "covered offenses," as if the Fair Sentencing Act had been in effect at the time the covered offense was committed. A "covered offense" means a violation of a federal criminal statute, for which the statutory penalties were modified under the Fair Sentencing Act. Pub. L. No. 115-391, § 404(a).

Because Gibson was convicted of an offense under 21 U.S.C. § 841(a)(1), the statutory penalties for which were modified under the Fair Sentencing Act, he has filed a motion for reduction of sentence under the First Step Act. See Def. Supp. Br. (Dkt. 391). Although the Government agrees that Gibson is eligible for consideration of a sentence reduction, it contends that the circumstances of the present case counsel against according relief. Resp. at 1 (Dkt. 53).

## II. ANALYSIS

### A. Eligibility Under the First Step Act

Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). A "covered offense," in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id. § 404(a).

As described above, Gibson was convicted of an offense under § 841(a)(1), involving 13.65 grams of cocaine base. At the time of Gibson's sentencing, offenses involving that quantity of cocaine base triggered a statutory range of 5 to 40 years' imprisonment. The applicable range for that quantity was thereafter modified under the Fair Sentencing Act to zero to 20 years' imprisonment. Because Gibson was convicted under a statute for which the penalties were modified under the Fair Sentencing Act, the parties agree that he is eligible for consideration of a reduction of sentence under the First Step Act. See Mot. at 5; Resp. at 7. Sixth Circuit caselaw confirms that "eligibility for resentencing under the First Step Act turns on the statute of conviction alone," without regard to whether the sentencing guidelines would differ. United States v. Boulding, 960 F.3d 774, 781 (6th Cir. 2020) (citing United States v. Beamus, 943 F.3d 789, 790-

3

792 (6th Cir. 2019)). Accordingly, Gibson's conviction under 21 U.S.C. § 841(a) constitutes a "covered offense" entitling him to consideration for a reduced sentence under the First Step Act.

### B. Appropriate Relief

Having determined that Gibson is eligible for consideration under the First Step Act, the Court must next examine the appropriate relief. Modification of a sentence under the First Step Act proceeds by way of 18 U.S.C. § 3582(c)(1)(B). United States v. Allen, 956 F.3d 355, 357 (6th Cir. 2020). Defendants seeking a reduction in sentence under the First Step Act are not entitled to a plenary, or de novo, resentencing hearing. Boulding, 960 F.3d at 783 (citing United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019)). However, some level of process is due. The Sixth Circuit has held that "the necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the [18 U.S.C.] § 3553(a) factors." Id. at 784. Additionally, a defendant must be afforded an opportunity to present objections to the calculation of an amended sentence. Id.

Ultimately, whether to reduce a sentence under the First Step Act is left to the discretion of the sentencing court. Pub. L. No. 115-391, § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). In determining whether a reduction in sentence is warranted, courts may consider "all relevant factors," including post-conviction conduct. Allen, 956 F.3d at 357.

Upon examining Gibson's guidelines range, the § 3553(a) factors, and his post-conviction conduct, the Court declines to reduce his sentence. Although Gibson is correct that the guidelines are advisory rather than mandatory, the Court nevertheless must consider the guidelines, "which are the 'starting point and initial benchmark' of its sentencing analysis." United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)); see also

4

Hughes v. United States, 138 S. Ct. 1765, 1773 (2018). Here, the parties agree that Gibson's guidelines range remains unchanged at 262 to 327 months, and that he was previously granted a 52-month downward departure from these guidelines under U.S.S.G. § 5K1.1, to 210 months.

Next, the Court considers the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant. Gibson was convicted of serious offenses that involved the distribution of crack cocaine—which is classified as a Schedule II controlled substance due to its high abuse risk—and the possession of a firearm. On January 23, 2007, law enforcement officers responding to a domestic violence complaint attempted to question Gibson regarding that incident. At the officers' approach, Gibson discarded his backpack and fled on foot. During the ensuing pursuit, officers observed Gibson pull a handgun from his waistband and throw it to the side. Gibson was ultimately apprehended and detained. Officers located the gun and discovered a bag of suspected ecstasy pills on Gibson's person, as well as marijuana, cocaine, and cocaine base in Gibson's discarded backpack. Thus, Gibson's drug distribution was exacerbated by his evasion of officers and possession of a gun.

As noted by the parties, Gibson's sentence was driven primarily by his status as a career offender under U.S.S.G. § 4B1.1(c)(3), as he has three prior convictions for the delivery or manufacture of marijuana. See Resp. at 9; Reply at 1-2 (Dkt. 54); Suppl. Br. at 4 (Dkt. 61). According to the presentence report, Gibson's criminal history began at the age of 14 when he pleaded guilty to breaking and entering an occupied dwelling. His criminal history has grown extensive since that time, with ten convictions for possession or use of marijuana and three convictions of delivery or manufacture of marijuana. Additionally, Gibson's criminal history is

5

significant for a 2003 conviction for domestic violence and a 2006 conviction for fleeing and eluding arrest. This criminal activity was continuous between 1999 and 2006.

Gibson downplays his prior marijuana distribution convictions by noting that they occurred over the span of nine months when he was 22 years old. Reply at 2. Additionally, he emphasizes that the sale of recreational marijuana is now legal in Michigan. Suppl. Br. at 3-4. The Court does not find these arguments persuasive. First, the fact that Gibson continued to commit these offenses within a short time span—and in spite of his arrests—only emphasizes his disregard for the law. Second, the fact remains that Gibson's repeated marijuana distribution was criminally punishable at the time he committed the offenses. Depending on the quantity at issue, marijuana distribution continues to constitute a criminal offense today, see Mich. Comp. Laws § 333.7401(2)(d), while Michigan establishments legally distributing marijuana must be licensed and are subject to a wide array of regulations, see Mich. Comp. Laws § 333.27951, et seq.[2]

Turning to Gibson's conduct since his incarceration, he has completed his GED and participated in a wide variety of programs, totaling nearly 200 hours. See Education Data, Ex. B to Suppl. Br. (Dkt. 61-2). However, he has received five disciplinary incident reports since being incarcerated, several of which involve drug- and alcohol-related misconduct. Specifically, he was sanctioned on July 30, 2010 for possessing intoxicants and for possessing tobacco. On April 20, 2016, he was sanctioned for possessing stolen property. He was sanctioned on September 4, 2017 and on December 1, 2017 for possessing drugs and alcohol, and on April 19, 2019 he was

---

[2] Gibson also contends that the Sentencing Commission recommended in 2016 that Congress amend the sentencing scheme to restructure the "career offender guideline to distinguish those offenders who are sentenced based solely on an instant drug trafficking offense and two drug trafficking predicates" from career offenders who have committed violent offenses. Reply at 2-3 (quoting Report to the Congress: Career Offender Sentencing Enhancements, at 26-27, available at https://perma.cc/B6VB-P5HU). However, no such amendment has been passed.

6

sanctioned for falsifying a statement and for being in an unauthorized area. In light of Gibson's extensive drug-related criminal history, his continued drug- and alcohol-related misconduct raises serious doubts regarding his rehabilitation. Overall, while Gibson's efforts toward rehabilitation are commendable, his behavior while incarcerated has not been so extraordinary as to warrant a reduction in his sentence.

Finally, the Court considers Gibson's argument that the conditions of his confinement have been particularly onerous since the onset of the pandemic. Suppl. Br. at 6-7. Gibson does not identify any underlying conditions placing him at greater risk of developing the more severe symptoms of COVID-19; rather, he highlights that he contracted COVID-19 in November 2020 and subsequently recovered. Id. According to current guidance from the Centers for Disease Prevention and Control (CDC), "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[3] Additionally, studies suggest that antibodies developed following COVID-19 infection can provide some level of immunity for six months or more, though the probability of reinfection is likely to increase with time after recovery from initial infection.[4] Based on the CDC's guidance, other courts have held that the low risk of reinfection does not justify compassionate release. See, e.g., United States v. Jackson, No. 17-55, 2021 WL 467590, at *2 (N.D. Ohio Feb. 9, 2021); United States v. English, No. 19-20164, 2021 WL 267774, at *2 (E.D. Mich. Jan. 27, 2021). Because Gibson recently contracted and recovered from COVID-19, his risk of reinfection remains relatively low. Thus, in the absence of any other underlying medical condition that might render him particularly vulnerable to COVID-19, the Court does not deem the pandemic a persuasive ground for reducing his sentence.

---

[3] See https://perma.cc/2KJJ-G8TK.

[4] See https://perma.cc/VGA8-JQF6.

In light of the serious nature of Gibson's offense, his extensive criminal history, and his continued drug- and alcohol-related misconduct while incarcerated, the Court declines to reduce his sentence, which is already below his guidelines range.

### III. CONCLUSION

For the reasons discussed above, the Court denies Gibson's motion for a reduction of sentence (Dkt. 51).

SO ORDERED.

Dated: March 18, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge